IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MADSENE PIERRE | : | CIVIL ACTION |
|  | : |  |
| v. | : | No. 26-4447 |
|  | : |  |
| MARKWAYNE MULLIN et al. | : |  |

## **MEMORANDUM**

**Judge Juan R. Sánchez**                                                    **June 30, 2026**

Petitioner Madsene Pierre brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Pierre who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Madsene Pierre is a noncitizen from Haiti who arrived at on September 24, 2022. Pet. ¶¶ 2, 6, Dkt. No. 1; Dkt. No. 1-3. Then DHS issued him a Notice to Appear then affirmatively paroled him into the country pursuant to 8 U.S.C. § 1182(d)(5). *Id.* ¶¶ 2, 18; Dkt. No. 1-4. After Pierre was paroled, he moved to Philadelphia where he has been working and paying taxes. Pet. ¶ 24; Dkt. Nos. 11, 12, 13. In or around October 2024, he filed an application for asylum and successfully received Temporary Protected Status which has been since terminated. *Id.* ¶¶ 19-20. His next immigration hearing is scheduled for February 20, 2029, over 2.5 years from the date of this opinion. *Id.* ¶ 18. Since his entry into the country, Pierre has complied with all the conditions of his release to date. *Id.* ¶¶ 18, 21. Pierre's discretionary parole terminated at some point before June 26, 2026. *Id.* ¶ 4; Gov't Resp. Opp. Pet. 4, Dkt. No. 5. It appears no actions were taken to apprehend or take Pierre into custody until June 26, 2026 when he was detained during his routine

immigration check-in.  Pet. ¶ 21.  He is currently being held at the Federal Detention Center in Philadelphia.  *Id.* ¶ 17.  He filed the instant habeas petition on June 29, 2026.  The Government responded on June 30, 2026.  It contends Pierre was detained by DHS pursuant to the administration's new policy to subject all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country to mandatory detention without bond under § 1225(b).  Gov't Resp. Opp. Pet. 5-7; *see also Ndiaye v. Jamison*, No. 25-CV-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (describing the history of the new policy).  The Government has not provided any other justification for detaining Pierre.

**DISCUSSION**

Pierre argues his detention is illegal because he has been improperly subjected to mandatory detention without bond under § 1225(b)(2) instead of § 1226's discretionary detention. The Government asserts noncitizens like Pierre are properly detained under § 1225(b)(2).  In particular, the Government attempts to distinguish Pierre from other noncitizens detained under § 1225(b)(2) because he was paroled into the country under § 1182(d)(5).  Section 1182(d)(5) stated "when the purposes of such parole shall . . . have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission."  The Government argues since Pierre's parole was terminated, he is automatically subject to § 1225(b)(2) mandatory detention.  The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here.  Gov't Resp. Opp. Pet. 11.

The Court finds the fact that Pierre's parole under § 1182(d)(5) creates no substantive difference to other petitioners challenging their § 1225(b)(2) mandatory detention.   In factually similar cases, courts in the Eastern District of Pennsylvania have found noncitizens, who were

paroled under § 1182(d)(5) and resided within the country for years, were illegally detained under § 1225(b)(2).  *Rios Porras v. O'Neill*, No. 25-CV-6801, 2025 WL 3708900, at *1 (E.D. Pa. Dec. 22, 2025); *Piurbeev v. Rose*, No. 26-cv-910, 2026 WL 499907, at *2-3 (E.D. Pa. Feb. 23, 2026); *Olimov v. Jamison*, No. 26-cv-532, 2026 WL 596155, at *4-6 (E.D. Pa. Mar. 3, 2026).  Courts around the country have also found the same.  *See, e.g.*, *Cabrera Martinez v. Marich*, No. 25-CV-1110, 2025 WL 3771228, at *5-13 (W.D.N.Y. Dec. 31, 2025) (analyzing § 1182(d)(5)(A) to conclude "an individual who has been living in the United States outside parole and is later apprehended is detained under section 1226").

Turning to the statutory question about whether § 1225(b)(2)(A) applies to a noncitizen like Pierre, this Court and many others in this District have already resolved the issue against the Government.  In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens."  No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025).  Judges in this District have consistently reached the same conclusion.  *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras*, 2025 WL 3708900; *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue.  Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'"  *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-*

*Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).  The Second, Sixth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior and affirming due process relief requiring individualized bond hearings under § 1226(a)); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1275-76 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission.").[1]

None of that appellate authority binds this Court, but the decisions in *Barbosa da Cunha*, *Lopez-Campos*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Pierre] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release.  An appropriate Order follows.

---

[1]     The Third Circuit heard oral argument on claims related to this issue on May 11, 2026.  *See* Gov't Resp. Opp. Pet. 7 n.5.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.